1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| WAYNE STEWART, | ) Case No. EDCV 10-1463-PSG (OP) |
|---|---|
| Petitioner, | ) ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (28 U.S.C. § 2254) AS UNTIMELY |
| v. | |
| M. MCDONALD, WARDEN, | |
| Respondent. | |

## I.

## INTRODUCTION

On September 16, 2010, Wayne Stewart (Petitioner"), constructively filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition").[1]

---

[1] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001). The Court has utilized the signature date on the current Petition as the relevant filing date since the signature date is the earliest date on which Petitioner could have

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to summary dismissal as untimely.

## II.

## **PROCEDURAL HISTORY**

On February 1, 1999, Petitioner was convicted after a jury trial in the San Bernardino County Superior Court, case number FWV16774, of second degree robbery (Cal. Penal Code § 211). The jury found true the allegation that Petitioner personally used a firearm during the commission of the offense (Cal. Penal Code § 12022.53(b)). On February 25, 1999, Petitioner was sentenced to state prison term of fifteen years. (Pet. at 2.)

Petitioner appealed the judgment of conviction to the California Court of Appeal. In August 2000, the court of appeal affirmed the judgment. (Id.)

There is no indication that Petitioner filed a petition for review in the California Supreme Court. (Official Records of California Courts.[2])

On August 4, 2010, Petitioner filed a habeas corpus petition in the California Supreme Court. On September 1, 2010, the supreme court denied the petition with citation to In re Robbins, 18 Cal.4th 770, 780 (1998). (Id.)

On September 16, 2010, Petitioner constructively filed the current Petition. For the reasons discussed below, Petitioner is ordered to show cause why the current Petition should not be dismissed with prejudice as untimely.

---

turned the Petition over to the prison authorities for mailing.

[2] The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. See Smith, 297 F.3d at 815 (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

## III.

## DISCUSSION

**A.  Standard of Review.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false). Further, the Court has the authority to raise the statute of limitations issue *sua sponte* and to dismiss the petition on those grounds. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). However, that authority should only be exercised after a petitioner is provided with adequate notice and an opportunity to respond. Id.

**B.  The Petition Was Not Filed Within the Limitation Period.**

The current Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA's") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[3] In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct

---

[3] Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

3

1  review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As discussed above, Petitioner was sentenced on February 25, 1999. (Pet. at 2.) Petitioner appeal the judgment of conviction to the California Court of Appeal, which was denied in August 2000. However, there is no indication that the filed a petition for review in the California Supreme Court. (Official Records of California Courts.) Consequently, his conviction became final forty days later, on October 10, 2000. See Cal. R. Ct. 8.264(b)(1), 8.500(e)(1). As a result, Petitioner had until October 10, 2001, to file the current Petition. 28 U.S.C. § 2244(d)(1)(A). Petitioner did not constructively file the current Petition until September 16, 2010, nearly nine years after the limitation period expired. Thus, unless Petitioner is entitled to statutory or equitable tolling or an alternate start date to the AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), it appears that the current Petition is untimely.

**C.  Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2).**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Patterson, 251 F.3d at 1247.

The United States Supreme Court has held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief. Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 2137-39, 153 L. Ed. 2d 260 (2002). The period tolled includes the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Id. In Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), the Ninth Circuit held that "the statute of limitations is tolled from the

time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Evans v. Chavis, 546 U.S. 189, 192-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006) (citing Carey, 536 U.S. at 222-23).[4]

As set forth above, Petitioner's limitation period ended on October 10, 2001. Petitioner did not file his habeas corpus petition in the California Supreme Court until August 4, 2010. The supreme court denied the petition on September 1, 2010, with citation to In re Robbins, 18 Cal.4th 770, 780 (1998). Statutory tolling is unavailable where, as here, this habeas petition was filed after the limitation period expired. Section 2244(d) does not permit the reinitiation of the AEDPA limitations period that has ended before a state habeas petition is filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); see also Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001).

Since Petitioner filed his state habeas petition after the AEDPA limitation

---

[4] The Court in Evans held that a California Supreme Court order silent on the grounds for the court's decision is not equivalent to a holding that the filing was timely. Evans, 546 U.S. at 197-98. Thus, in the absence of clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" (in which to file a habeas petition), or clear indication that a particular request for appellate review was timely or untimely, the federal court must itself examine the delay in each case and determine what the state courts would have held with respect to timeliness. Id. at 198. That is, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

1 expired, he may not avail himself of statutory tolling to render the current
2 Petition timely. Thus, absent equitable tolling or an alternate start date for the
3 statute of limitations, it appears that the current Petition is untimely.

### D. Equitable Tolling.

The one-year limitation period is subject to equitable tolling if a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, __U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). A petitioner bears the burden of alleging facts that would give rise to tolling. Id. "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").

Petitioner raises two claims for habeas corpus relief, i.e., ineffective assistance of trial and appellate counsel based on actual innocence. (Pet. Attach. at 3, 15.) However, the Ninth Circuit has recently held that there is no "actual innocence" exception to the one-year statute of limitations for filing a habeas corpus petition pursuant to 28 U.S.C. § 2254 by state prisoners. See Lee v. Lampert, 610 F.3d 1125, 1136 (9th Cir. 2010). Thus, Petitioner's "actual

6

innocence" claim does not entitle him to equitable tolling.

**E.     Alternate Start of the Statute of Limitations.**

    **1.     State-Created Impediment.**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244(d)(1)(B).  Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation.  Lott, 304 F.3d at 925.  The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

    **2.     Newly Recognized Constitutional Right.**

The AEDPA also provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the United States Supreme Court.  28 U.S.C. § 2244(d)(1)(C).  The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

    **3.     Discovery of Factual Predicate.**

The AEDPA further provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  The face of the Petition does not set forth any facts showing that Petitioner is entitled to relief under this provision.

## V.

## ORDER

Based upon the foregoing, the Court finds that the face of the Petition

1 indicates that it is untimely.  Accordingly, Petitioner is ordered to show cause
2 why the Petition should not be dismissed as untimely by filing a response within
3 thirty (30) days of the date of this Order.  In the response to this Order to Show
4 Cause ("OSC"), Petitioner shall make clear the dates on which any state habeas
5 petition was filed and shall, if possible, attach copies of any state petition
6 (showing that it was filed) and copies of the state court's decision addressing
7 each petition.  All facts relied upon by Petitioner must be proved by testimony
8 contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C.
9 § 1746, or in properly authenticated documents.  Petitioner must describe
10 specifically the nature and duration of any extraordinary circumstances and their
11 consequences in a declaration signed by him under penalty of perjury.  Petitioner
12 shall also include with his response properly authenticated prison records or
13 documents which demonstrate any circumstance which Petitioner believes
14 impeded his ability to timely file the current Petition.

15    Failure to comply with these requirements may result in the dismissal of
16 this action for failure to prosecute and/or failure to comply with a court order.
17 Failure to remedy the deficiencies discussed may also result in a recommendation
18 that the action be dismissed.

**IT IS SO ORDERED.**

DATED: October 22, 2010

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge